C. H. CHRISTIAN V. THE STATE.

No. 10492.  Delivered December 22, 1926.

1.—Carrying a Pistol—Evidence—Held Insufficient.

Where the appellant, a physician, was shown to be traveling from Houston to Austin in an automobile, and that he had a pistol on the back seat of the car, and it was further shown that appellant when arrested was traveling on a direct route to Austin, and no unlawful use of the pistol was shown, these facts do not establish a violation of law.

2.—Same—Continued.

Art. 843 P. C. 1925 forbids the carrying of a pistol on or about the person.   Art. 484 exempts from the prohibition persons traveling.   The statute does not define "traveling," but ordinarily whether one is traveling, within the meaning of the statute, becomes a question for the solution of the jury, under the evidence developed.   Following Hill v. State, 100 Tex. Crim. Rep. 212 and other cases cited.

Appeal from the County Court of Washington County.  Tried below before the Hon. J. H. Chappell, Judge.

Appeal from a conviction for carrying a pistol; penalty, a fine of $100.00.

The opinion states the case.

*Dickens & Dickens,* of Austin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful carrying of a pistol on or about his person; punishment fixed at a fine of one hundred dollars.

The appellant, a physician, licensed and regularly in the practice, in company with another doctor, left Austin on the 7th of June, 1926, at night, traveling in an automobile to Houston, a distance of 175 or 180 miles, arriving at Houston on the morning of the 8th of June.  The purpose of the trip was to attend the meeting of the State Medical Association, which the appellant and his companion did on the 8th and 9th of June, leaving Houston on the 10th.  Appellant had a pistol which he carried in his automobile and which laid on the back seat of the car. On their return trip and while his car was being pulled out of the mud, the pistol was observed by one of the men who was along the road.  He reported it to an officer of the county who arrested the appellant at the county seat of Washington County.

The record shows that at the time of the arrest they were on their return trip to Austin. The evidence does not reveal that there was any unlawful use of the pistol or an unreasonable deflection from the route.

State's counsel before this court concedes that the evidence fails to show a violation of the law. Art. 843, P. C. 1925, forbids the carrying of a pistol on or about the person, but Art. 484 exempts from the prohibition persons traveling. The statute does not define "traveling" but ordinarily, whether one is traveling, within the meaning of the statute, becomes a question for the solution of the jury under the evidence developed. See Hill v. State, 100 Tex. Crim. Rep. 212. The route from Austin to Houston required that the appellant traverse six counties and several cities. The trip was made at night on the public highway. The pistol was carried for protection against molestation upon the road.

In failing to set aside the verdict, the learned trial judge, in the judgment of this court, was in error.

It has been held that the use of automobiles and improved roads, as well as the distance traveled, must be taken into account. See George v. State, 90 Tex. Crim. Rep. 178; Wortham v. State, 95 Tex. Crim. Rep. 135; Welch v. State, 97 Tex. Crim. Rep. 617; Armstrong v. State, 98 Tex. Crim. Rep. 335. However, giving due weight to these modified conditions and means of traveling, the opinion is expressed that the evidence in the present instance does not warrant a finding against the appellant. See Impson v. State, 19 S. W. 677; Alexander v. State, 57 Tex. Crim. Rep. 252; Campbell v. State, 58 Tex. Crim. Rep. 349; Price v. State, 34 Tex. Crim. Rep. 104; Rice v. State, 10 Tex. Crim. App. 288.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*