### JOE HANCOCK V. THE STATE.

No. 10565.   Delivered January 19, 1927.

Rehearing granted April 27, 1927.

**1.—Carrying a Pistol—Evidence—Held Sufficient—Province of Jury.**

Where, on a trial for carrying a pistol, appellant having been found in possession of a pistol on or about his person, the jury was not bound to accept his testimony in explanation of such possession, even though uncontradicted.  The jury are the judges of the facts proven, and if the testimony of the state makes out a case, their verdict cannot be set aside by this court.

ON REHEARING.

**2.—Same—Continued.**

The foregoing rule is sound, but on rehearing it is called to the attention of the court that the case was not tried before a jury, but before the judge, and that the defense, testified to by appellant, that he was a traveler at the time a pistol was found in his automobile, was not contradicted, and was probably true.

**3.—Same—"Traveler."—Term Not Defined—Question of Fact for Jury.**

In connection with the law of carrying on or about the person a pistol, our statute which exempts "travelers" from the operation of the law, does not define the meaning of the word traveler.  Many of our decisions hold that certain state of facts presented in the case passed upon constituted the accused a traveler, others hold that the jury, under certain state of facts, were authorized in holding that the accused was not a

traveler. The general rule is that the question is one for the determination of the jury. See illustrative cases, Christian v. State, 289 S. W. 54, and other cases cited in opinion on rehearing.

Appeal from the County Court of McLennan County. Tried below before the Hon. James R. Jenkins, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.

The opinion states the case.

*J. D. Willis* and *Joe W. Taylor* of Waco, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in County Court of McLennan County of unlawfully carrying a pistol, punishment fixed at a fine of $100.

The record contains no bills of exception or other complaint of the procedure had upon the trial of this case. The statement of facts shows that appellant was found in the town of Mart, in McLennan County, in a car in which he had a pistol. Appellant testified that at the time he was on his way to visit relatives in Freestone County. He introduced no other witness save himself. The jury are not compelled to accept statements made by one accused of crime. The facts seem to justify the verdict.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Our legislature says in Art. 484, P. C., that "A person traveling" who carries a pistol is not punishable therefor—but fails to define or say who is a person traveling, and the courts through all these years have traveled devious routes, going from one set of facts to another different, and on to another, trying in each to find some resting place upon which might be planted judicial announcement as to who is a traveler, but, alas! have found it not. The ancient with his ox cart, the Mexican with his burro, the pioneer with his roadless route, the modern highway, the automobile with its distance-annihilating speed, the increase of population, the joy-ride extending itself in a few hours over several counties, the man really convoying valuables, and the happy-go-lucky nomad who spends but a night in each tourist park and wanders on and on forever—all these aid in graying the hair of a conscientious court trying to say who may or may not avail himself of the exemption of being a

person traveling, which, by the way, the legislature ought to repeal or define.

Appellant says that he was a traveler, that he got in his car at Waco, McLennan County, to go to Fairfield, Freestone County, expecting to spend several days at the latter place with relatives and then return. His way led over a part of two counties and across another in which, in the not remote past, the Governor had declared martial law, and appellant felt it not unwise to avail himself of his right as a traveler to carry a pistol in his car. He did so, but when he got to Mart, an I.-G. N. metropolis on his route, he was arrested and locked up for some reason not disclosed by this record. The vigilant officer, anxious to do his full duty, returned to appellant's car after locking the latter up and found in same a pistol. He filed complaint against appellant. He affirms that the car was headed in the general direction of Fairfield and testifies to nothing raising doubt as to the truth of appellant's claim that he was on his way to the latter city. Was he a person traveling? We said in our original opinion that the jury did not have to accept the statements of the man whose self-interest was apparent because he was the accused. We erred to the extent of referring to the jury, because it appears that appellant had waived a jury and was tried by the judge. We are thus deprived of having before us a written charge from which we might ascertain the view the court entertained as to the law applicable.

The latest case on the point at issue is Christian v. State, 289 S. W. 54, where we expressed the view that one going from Austin to Houston, spending some time in the latter city and returning, was a person traveling. In Hall v. State, 102 Tex. Crim. Rep. 329, we said that one carrying a pistol to a town thirty or thirty-five miles away was not, as a matter of law, a traveler—and the court having submitted that issue to the jury, we would not disturb their adverse finding. Examining this record more carefully as to the facts, we observe that the testimony introduced by the state does not make out a case. Appellant and another man were found by the officer in a car at Mart, appellant driving the car. After arresting appellant on some charge and taking him away, the officer returned and found in the car a pistol. He does not undertake to identify it as appellant's pistol, nor does he say it was not the pistol of the other man. Nothing appears in the record indicating ownership or personal possession in one man more than in the other. If appellant had stopped without the introduction of any testimony, there would have been no case. However, appellant took

the stand and testified that the pistol was his and that he was carrying it in his car solely because he was traveling from Waco to Fairfield, where he expected to be several days before returning. No one in anywise controverted the testimony of appellant. In the Impson case, 19 S. W. 677, we said:

"That the accused is a traveler is a fact to be passed upon by the jury, and their finding is usually conclusive of that question, yet this is not an invariable nor an arbitrary rule. If the defense is an honest one, and supported by the facts, and there is no evidence tending to impeach it, the jury should acquit, and, under such circumstances, if a conviction be secured, it should not be permitted to stand. As disclosed by the evidence before us, appellant is brought within the exception contained in the statute, and this is manifest from the state's testimony."

In that case the distance traveled by the accused was approximately similar to this case. In Williams v. State, 74 Tex. Crim. Rep. 639, we said that the question of whether one was a traveler practically resolved itself into whether or not the accused was on a real journey. Examining the authorities more closely, and considering the facts in this case, we are not satisfied that the state made out a case against the appellant, or that if the case had been submitted to a jury with affirmative presentation of his defensive theory that he was a traveler, he would not have been acquitted. We do not feel satisfied in our own minds that this defensive theory should not prevail under the facts.

For the reasons mentioned the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*